UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
FELIX GARCIA, PHILIP CALDAROLA,
ELEGGUA OSUN ELUFE, WAYNE
NORRIS, JAMES JAMESON, ELMER
ORTIZ, AMAURY BONILLA, ERCREY
GRANGIER, KEVIN WILLIAMS,
BRANDON HOLMES, ROLANDO
CORONADO, PAUL THOMPSON, and
LAMONTE JOHNSON,
                Plaintiffs,

v.

PHILIP D. HEATH, NOEL F. MORRIS, and
CANDICE P. SUMPTER,
                Defendants.
--------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

13 CV 8196 (VB)

Briccetti, J.:

      Before the Court is plaintiffs' motion for reconsideration (Doc. #196) of the Court's Opinion and Order dated September 9, 2019 (Doc. #195), in which the Court granted in part and denied in part defendants' motions for summary judgment.

      For the reasons set forth below, the motion for reconsideration is DENIED.

      The Court presumes the parties' familiarity with the facts and procedural history of this case.

## DISCUSSION

      Plaintiffs argue the Court erred in dismissing Garcia's and Elufe's claims because there is undisputed corroborating evidence they exhausted their administrative remedies.

      The Court disagrees.

      "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154

1

F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).[1] Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). Further, the motion "may not advance new facts, issues, or arguments not previously presented to the court." Randell v. United States, 64 F.3d 101, 109 (2d Cir. 1995). This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

To withstand a motion for summary judgment premised on a failure to exhaust, a plaintiff must offer more than conclusory allegations that he exhausted administrative remedies. Bennett v. James, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010), aff'd, 441 F. App'x 816 (2d Cir. 2011) (summary order). On a motion for summary judgment, a defendant has the burden of demonstrating the plaintiff's failure to exhaust. Hubbs v. Suffolk Cty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015). A defendant can meet that burden by submitting evidence that a grievance process exists and applies to the underlying dispute. Id. If the defendant contends the plaintiff

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

2

failed to properly exhaust, the defendant can submit evidence regarding the lack of grievances filed. Chambers v. Johnpierre, 2016 WL 5745083, at *7 (D. Conn. Sept. 30, 2016). A plaintiff's bald assertions that he exhausted all available remedies "are insufficient to overcome a motion for summary judgment, even for a pro se plaintiff." Rodriguez v. Hahn, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002). Moreover, a court may consider evidence that a grievant properly exhausted administrative remedies for other claims during the same time period as the dispute in question. Moreau v. Peterson, 672 F. App'x 119, 120 (2d Cir. Jan. 12, 2017) (summary order) (dicta).

Here, plaintiffs' only evidence that Garcia and Elufe personally exhausted their grievances is their own testimony. In addition, Garcia refers the Court to the deposition of plaintiff Brandon Holmes, who testified Garcia helped him complete his grievance paperwork. And Elufe argues he possessed a copy of the consolidated CORC decision. But because the copy of the consolidated CORC decision does not list Elufe as a grievant, and because CORC has no record of either Garcia's or Elufe's appeal,[2] the Court concludes it did not err in dismissing either of their claims.

Plaintiffs also argue the Court improperly shifted the burden to plaintiffs on proving exhaustion. The Court did no such thing. Defendants offered evidence—computer records and custodian testimony—that DOCCS lacked records of either Garcia's or Elufe's appeals. Defendants had the burden to prove failure to exhaust and they met that burden.

---

[2] Plaintiffs ask this Court to infer "Defendants' records concerning Plaintiffs' failure to fully appeal their grievances are incorrect, or were lost or destroyed." (Pl. Br. at 5). But courts in this Circuit have held, "[a] plaintiff's unverifiable contention that his grievance or appeal must have been lost or destroyed is generally not enough to defeat a motion for summary judgment." Bishop v. Presser, 2018 WL 7917915, at *5 (N.D.N.Y. Dec. 28, 2018) (collecting cases) report and recommendation adopted, 2019 WL 442154 (N.D.N.Y. Feb. 5, 2019). Accordingly, the Court will not make such an inference here.

Moreover, plaintiffs argue the Court's reliance on Moreau v. Peterson is misplaced. The Court disagrees. In Moreau v. Peterson, the court upheld the district court's dismissal of four of plaintiff's claims for failure to exhaust. Moreau v. Peterson, 672 F. App'x at 120. In a footnote, the court indicated that plaintiff's statement he was unable to file grievances was inconsistent with his proven ability to file grievances in two of his six claims. Id. at n.1.

Here, Garcia's ability to exhaust in other contemporaneous appeals indicates he knew how to complete the grievance procedure. Moreau v. Peterson, 672 F. App'x at 120. Therefore, it stands to reason plaintiff did not actually exhaust his administrative remedies in this instance.

Accordingly, the Court finds plaintiffs have not shown the need to correct a clear error or prevent manifest injustice.

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #196).

Dated: October 25, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge